**VALLEYS BOROUGH SUPPORT COM-
MITTEE, for itself and on behalf of
those certain classes of persons Resi-
dents of the Proposed Valleys Borough
and the Signatories on the Valleys Peti-
tions, Appellants,**

v.

**LOCAL BOUNDARY COMMISSION,
Appellee.**

No. S–5182.

Supreme Court of Alaska.

Nov. 12, 1993.

Rehearing Denied Dec. 2, 1993.

Marc Grober, Nenana, for appellants.

Marjorie L. Odland, Asst. Atty. Gen., and
Charles E. Cole, Atty. Gen., Juneau, for
appellee.

Before MOORE, C.J., and
RABINOWITZ, BURKE, MATTHEWS and
COMPTON, JJ.

*OPINION*

MOORE, Chief Justice.

I. INTRODUCTION

Valleys Borough Support Committee
(VBSC) seeks to void the incorporation elec-
tion of the new Denali Borough on the
grounds that the Local Boundary Commis-
sion (LBC) had no authority to reject the
proposed Valleys Borough petition and that
LBC had no authority to make incorpo-
ration of the Denali Borough contingent on
the passage of a revenue measure. VBSC
also appeals the attorney's fee award in
favor of LBC, arguing it should not be
required to pay attorney's fees because it
is a public interest litigant. We affirm, but
vacate the attorney's fee award.

## II.  FACTS AND PROCEEDINGS

This case concerns the borough incorporation of the Denali National Park, Cantwell, McKinley Park and Healy areas. LBC received three petitions to organize this land into a borough.  The first, submitted on June 1, 1989 by the Matanuska–Susitna Borough, sought to annex the area. The second, submitted on October 25, 1989, was the Denali petition.  It sought to create a new home rule borough.  The third, submitted on October 27, 1989, was the Valleys petition.  It also sought to create a new home rule borough.

The proposed Valleys and Denali borough petitions concerned essentially the same geographic areas.  However, the Valleys petition included the "road system north past Nenana" (i.e., the Greater Nenana area), whereas the Denali petition did not.[1]

In March 1990, LBC conducted seven public hearings on the merits of the competing petitions.  In April 1990, LBC held a decisional session.  During this session, LBC determined the "ideal" boundaries for a borough in the region, amended and approved the Denali petition, and denied the Valleys and Matanuska–Susitna petitions.

LBC determined that the Denali petition met the constitutional, statutory and regulatory standards for borough incorporation. LBC found the Denali petition superior to the Valleys and Matanuska–Susitna petitions.  Specifically, LBC determined that

[t]he "ideal" boundaries for a borough in the region include the area from the northern boundary of the Matanuska–Susitna Borough to the western boundary of the Fairbanks North Star Borough.  This area includes the communities of Cantwell, McKinley Village, Healy, Anderson and Nenana.

Despite this conclusion, LBC also determined that

[n]otwithstanding the "ideal" boundaries ... the Greater Nenana area and the Denali region are not cohesive enough *at this time* to include both territories within the same *organized* borough.

In reaching this conclusion, the [LBC] stressed that "ideal" boundaries are intended to represent long-term goals with respect to regional government boundaries in Alaska.  Further, it may be necessary and appropriate to deviate from these ideal boundaries in the short-term.

In this particular case, the exclusion of the Greater Nenana area from the area proposed for incorporation is found to be warranted in the short-term on the basis of broad judgments of political and social policy.  The preponderance of testimony in the Denali region was in strong opposition to the inclusion of Nenana at this time.  Opposition stemmed from differences in social, cultural and economic considerations.  For example, the Denali and Valleys petitions and testimony demonstrated divergent views among the residents of the two areas concerning means of generating local government revenues and philosophies of government operations.

Thus, there appears to be significant potential that the inclusion of the Greater Nenana area in the Denali Borough might result in the defeat of the incorporation proposition by the voters.  Therefore, it was determined to be in the best interests of the State of Alaska and the residents of the Denali region for the Greater Nenana area to be excluded from the proposed Denali Borough.

The superior court affirmed LBC's decision.  VBSC now appeals the superior court's ruling.

## III.  DISCUSSION

A.  LBC had authority to reject the Valleys petition.

■ VBSC argues LBC had no authority to reject the Valleys petition.  We disagree. Although LBC made no express finding

---

1.  Moreover, the proposed governmental charters differed significantly.  The Valleys charter provided an "automatic referendum" procedure, which would require two-thirds voter approval on any "ordinance which purports to tax or levy, appropriate, contract [or] circumscribe any resident's rights or liberties."  The proposed Denali charter contained no such provision.

regarding the validity of the Valleys petition, we conclude LBC impliedly found that the petition did not comply with the statutory standards for borough incorporation.

The statutory standards for home rule, first class and second class borough incorporation are

(1) the population of the area is interrelated and integrated as to its social, cultural, and economic activities, and is large and stable enough to support borough government;

(2) the boundaries of the proposed borough conform generally to natural geography and include all areas necessary for full development of municipal services;

(3) the economy of the area includes the human and financial resources capable of providing municipal services; evaluation of an area's economy includes land use, property values, total economic base, total personal income, resource and commercial development, anticipated functions, expenses, and income of the proposed borough;

(4) land, water, and air transportation facilities allow the communication and exchange necessary for the development of integrated borough government.

AS 29.05.031(a).

LBC impliedly found that the Valleys petition did not meet the first statutory criterion, AS 29.05.031(a)(1), because LBC found that the area within the proposed Valleys borough was not "cohesive enough *at this time* to [be] within the same *organized* borough."

We previously have observed that

[a] determination whether an area is cohesive and prosperous enough for local self-government involves broad judgments of political and social policy. The standards for incorporation set out in AS 07.10.030 were intended to be flexibly applied to a wide range of regional conditions. This is evident from such terms as "large enough", "stable enough", "conform generally", "all areas necessary and proper", "necessary or desirable", "adequate level" and the like.[2] The borough concept was incorporated into our constitution in the belief that one unit of local government could be successfully adapted to both urban and sparsely populated areas of Alaska, and the Local Boundary Commission has been given a broad power to decide in the unique circumstances presented by each petition whether borough government is appropriate. Necessarily, this is an exercise of delegated legislative authority to reach basic policy decisions. Accordingly, acceptance of the incorporation petition should be affirmed if we perceive in the record a reasonable basis of support for the Commission's reading of the standards and its evaluation of the evidence.

*Mobil Oil Corp. v. Local Boundary Comm'n*, 518 P.2d 92, 98–99 (Alaska 1974) (footnote omitted) (upholding LBC's determination that the North Slope Borough met the standards for borough incorporation). Applying the reasonable basis standard, we affirm LBC's determination that the proposed Valleys Borough was not cohesive enough for organized borough government.[3]

**B. Attorney's Fees**

■ Upon LBC's motion, the superior court awarded LBC attorney's fees in the amount of $750. VBSC argues this award was erroneous, because it is a public interest litigant. We agree.

In *Kenai Lumber Co. v. LeResche*, 646 P.2d 215, 222–23 (Alaska 1982), we set forth the criteria useful in identifying public interest litigants.

(1) Is the case designed to effectuate strong public policies?

---

**2.** AS 07.10.030 contained the former statutory standards for borough incorporation. It has been replaced by AS 29.05.031. The standards set forth in AS 29.05.031 parallel those found under the prior statute and contain similarly flexible language.

**3.** Given this analysis, we need not address the validity of former Alaska Administrative Code regulations concerning competing petitions and borough incorporations. 19 AAC 10.835; 19 AAC 10.160–10.180. These regulations have been either rewritten or eliminated in the 1992 code revision, effective July 31, 1992.

(2) If the plaintiff succeeds will numerous people receive benefits from the lawsuit?

(3) Can only a private party have been expected to bring the suit?

(4) Would the litigant claiming public interest status have had sufficient economic incentive to bring the lawsuit even if it involved only narrow issues lacking general importance?

*Id.*

These criteria have been met. Because the Valleys petition represented a proposed form of government, it clearly was designed to effectuate strong public policies. Hundreds of citizens signed the Valleys petition, indicating that numerous people would receive benefits from the lawsuit. Only a private party would have been expected to bring this suit. No apparent economic incentive exists to bring the lawsuit. Consequently, we vacate the attorney's fee award.

## IV. CONCLUSION

We affirm the superior court's decision to uphold the incorporation of the Denali Borough. LBC correctly applied the statutory standards for borough incorporation in determining that the Denali petition was superior to the Valleys petition.[4] We vacate the attorney's fee award, because VBSC is a public interest litigant.

AFFIRMED. The attorney's fee award is VACATED.

---

**4.** VBSC also challenges LBC's authority to make the Denali Borough incorporation contingent on voter approval of a four percent bed tax. We need not decide this issue. Even if LBC exceeded its authority, this would not entitle VBSC to the remedy it seeks, i.e., voiding the Denali Borough's creation.